UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE RIDER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 17-cv-12702
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #19) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #17), (2) TERMINATING AS MOOT DEFENDANT'S OBJECTIONS (ECF #18) TO THE REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #6), AND (4) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>**

In this action, Plaintiff Theodore Rider alleges, among other things, that Defendant Wells Fargo Bank, N.A., wrongly foreclosed on his home in Clinton Township, Michigan. (*See* Compl., ECF #1-2.) Rider asserts the following claims against Wells Fargo: quiet title, wrongful foreclosure, unjust enrichment, fraud, conversion to judicial foreclosure, and injunctive relief. (*See id.*)

On September 22, 2017, Wells Fargo moved to dismiss Rider's Complaint. (*See* Mot., ECF #6.) The assigned Magistrate Judge has issued a thorough and well-reasoned Report and Recommendation (the "R&R") in which he suggests that the Court grant Wells Fargo's motion in part and dismiss all of Rider's claims except

1

for his unjust enrichment claim. (*See* R&R, ECF #17.) Both Rider and Wells Fargo filed timely objections to the R&R. (*See* ECF ## 18, 19.) For the reasons explained below, Rider's objections are **OVERRULED**, Wells Fargo's objections are **TERMINATED AS MOOT**, Wells Fargo's motion to dismiss is **GRANTED**, and Rider is granted **LEAVE TO AMEND** his Complaint to re-plead his claim for unjust enrichment.

# I

## A

As the Magistrate Judge aptly observed in the R&R, the facts of this mortgage foreclosure case are unusual. (*See* R&R, ECF #17 at Pg. ID 349-51.) The Magistrate Judge offered the following accurate summary of the facts:

> This Court handles many "mortgage foreclosure cases each year, but none quite like this one where: (1) the plaintiff was never a party to the mortgage (or underlying note) in question; and (2) his claims, to the extent he has any, stem from him mistakenly listing the mortgage holder as a secured creditor in his Chapter 13 bankruptcy petition, and the Chapter 13 Bankruptcy Trustee paying that "creditor" almost $75,000.
>
> [….]
>
> This case involves real property located at 37303 Camellia Lane in Clinton Township, Michigan ("Property"). In February 2012, Michelle Woolhiser (a non-party to this case) received a loan from Wells Fargo in the amount of $289,957.00, which was evinced by a note ("Note") (Doc. #6-2) and secured by a mortgage ("Mortgage"). (Doc. #6-3). These documents show Ms. Woolhiser to be the sole

borrower on the Mortgage. *Id*. A few months later, on April 11, 2012, Woolhiser executed a quitclaim deed in which she purported to quitclaim her rights in the Property to herself and Rider. (Doc. #1-2 at 19). The quitclaim deed was recorded on April 13, 2012 at the Macomb County Register of Deeds. (*Id*.). Rider appears to assert that as a result of Woolhiser executing the quitclaim deed he became a co-owner of the Property with her. (Doc. #10 at 9). The nature of Rider and Woolhiser's personal relationship is unclear, but Rider avers that (1) in the spring of 2013, Woolhiser moved out of the Property; and (2) Rider and his children have been living there since that time. (Doc. #1-2 at ¶¶ 7-8).

In 2013 Woolhiser apparently defaulted on the Note and moved out of the Property. (*Id*. at ¶ 8). This led to state court litigation between Woolhiser and Rider over ownership of the Property. (*Id*. at ¶ 9). Woolhiser then filed for Chapter 13 bankruptcy, which stayed the state court litigation. (*Id*.). Rider alleges that he "attempted to make the monthly mortgage payments to Wells Fargo . . . [but Wells Fargo] refused to communicate with [him]." (*Id*. at ¶ 10). Rider alleges that "as a result of [Wells Fargo's] failure to communicate with [him], [he] was forced to file a Chapter 13 Bankruptcy and include [Wells Fargo] in the Bankruptcy." (*Id*. at ¶ 11). Rider filed a Chapter 13 bankruptcy petition on June 30, 2014. (Doc. #10-2 at 31-35). For reasons that are unclear, in this and subsequent bankruptcy filings, although Rider was not a party to the Note (or Mortgage), he included Wells Fargo on his Schedule D list of "Creditors Holding Secured Claims," along with a $289,957 "claim" related to the Mortgage. (*Id*. at 35; Ex. A, copy of Rider's July 14, 2014 Chapter 13 Schedule D). "The [Bankruptcy] Court confirmed [Rider's] 60 month plan on December 12, 2014. Among other things, the plan provided for continuing monthly payments via the Chapter 13 Trustee to Wells Fargo [] on [the Mortgage]." (Doc. #13-1, 8/16/16 Bankruptcy Court Order, at 2). In his complaint, Rider alleges that "during [his] Chapter 13 Bankruptcy, [Wells

3

> Fargo] received and accepted $74,972.08 from the estate …" (Doc. #1-2 at ¶ 12). Despite its initial assertions to the contrary, Wells Fargo now admits that 4 it not only "received and accepted these funds, but that it also retained them. (Docs. #10-2 at 39-40; #13 at 2).
>
> On December 1, 2016, Rider voluntarily moved to dismiss his bankruptcy petition, which was granted on December 2, 2016. (Doc. #6-12). That same day, Wells Fargo initiated foreclosure proceedings against the Property, which ultimately resulted in Wells Fargo purchasing the Property at a Sheriff's Sale for $298,098.16. (Doc. #6-4). The ensuing six-month statutory redemption period, which offered Woolhiser (as the mortgagor) an opportunity to redeem the Property, expired without her doing so. *Id.* Rider alleges that he "attempted to communicate with [Wells Fargo] to continue making Mortgage payments," but that Wells Fargo "refused to allow [him] to redeem the [Property] before the expiration of the redemption period on June 2, 2017," presumably because he "had no valid relationship with Wells Fargo whatsoever" given his non-party status to both the Note and Mortgage in question. (Docs. #1-2 at ¶¶ 15-16; #6 at 7).

(*Id.*; footnotes omitted).

**B**

Rider filed this action in the Macomb County Circuit Court on July 19, 2017. (*See* Compl., ECF #1-2.) In Rider's Complaint, he asserts the following claims against Wells Fargo: quiet title, wrongful foreclosure, unjust enrichment, fraud, conversion to judicial foreclosure, and injunctive relief. (*See id.*) Wells Fargo subsequently removed Rider's action to this Court (*see* Not. of Removal, ECF #1), and it moved to dismiss the action. (*See* Mot., ECF #6.)

4

The Magistrate Judge issued the R&R on June 6, 2018. (*See* R&R, ECF #17.) The Magistrate first concluded that the Court should dismiss "Rider's claims for quieting title [], conversion to judicial foreclosure [], and injunctive relief … because they are all remedies, not separate causes of action."[1] (*Id.* at Pg. ID 352 n.4.) The Magistrate then turned to Rider's wrongful foreclosure claim. (*See id.* at Pg. ID 354-356.) He recommended that the Court dismiss this claim because Rider "was not a party to the Note or Mortgage," and Rider therefore "lack[ed] standing" to challenge the foreclosure. (*Id.* at Pg. ID 354.) The Magistrate further concluded that Rider had no basis to set aside the Sheriff's Sale of the subject property because Rider "had no right to challenge the foreclosure in the first place." (*Id.* at Pg. ID 356.) Instead, only Woolhiser "would have been able to redeem the property or attempt to set the foreclosure sale aside." (*Id.* at Pg. ID 357.)

Next, the Magistrate Judge addressed Rider's unjust enrichment claim. (*See id.* at Pg. ID 357-59.) The Magistrate did his best to understand this claim, and he acknowledged that "the specific nature of Rider's unjust enrichment claim could have been spelled out more clearly in his complaint." (*Id.* at Pg. ID 359 n.6.) Nonetheless, the Magistrate concluded that "[Rider] alleges (and has shown) that Wells Fargo received and retained the $74,972 [from Rider's bankruptcy estate], and

---

[1] Rider has not objected to the Magistrate Judge's recommendation that the Court dismis these counts of his Compliant.

5

[that] … Rider was never liable on the Note [or Mortgage] to begin with. Taking all reasonable inferences in Rider's favor, as the Court must do at this stage of the proceedings, those two facts alone are sufficient to preclude dismissal of Rider's unjust enrichment claim." (*Id.*) The Magistrate further determined that there were "questions of fact" as to whether Wells Fargo's retention of the funds it was paid from Rider's bankruptcy estate was inequitable. (*Id.*) For all of these reasons, the Magistrate recommended that the Court deny Wells Fargo's motion with respect to Rider's unjust enrichment claim.

Finally, the Magistrate Judge addressed Rider's fraud claim. (*See id.* at Pg. ID 360-62.) The Magistrate recommended that the Court dismiss this claim because, among other things, (1) Rider did not suffer an "'injury in fact' as a result of the foreclosure proceedings" because he was not a party to the Mortgage or the Note, (2) "Rider failed to identify any material misrepresentation that Wells Fargo actually made to him," and (3) Wells Fargo could not "have deceived Rider about whether he was or was not a party to the Mortgage or Note as that information was always known to Rider." (*Id.* at Pg. ID 361.)

**C**

Rider and Wells Fargo each filed timely objections to the R&R on June 20, 2018. (*See* ECF ## 18, 19.) The Court held a hearing on Wells Fargo's objections

on September 24, 2018. The Court will address each of the parties' objections in turn below.

## II

### A

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be

supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition, where, as here, a plaintiff brings a fraud claim, the plaintiff must "state with particularity the circumstances constituting fraud or mistake" under Rule 9b of the Federal Rules of Civil Procedure. Fed. Rule Civ. Proc. 9(b). Under this rule, a plaintiff "must (1) specify the statements that [he] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. At a minimum, [a] [p]laintiff[] must allege the time, place and contents of the misrepresentations upon which [he] relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal punctuation and citations omitted).

### III

### A

The Court begins with Rider's objections. Rider first objects to the Magistrate Judge's determination that he lacks standing to challenge the foreclosure because he is not a party to either the Note or the Mortgage. (*See* Rider's Objections, ECF #19 at Pg. ID 457-458.) But in this section of Rider's objections, titled "Plaintiff has

Standing to Challenge the Foreclosure," Rider does not make any actual argument as to why he has standing. Instead, Rider simply quotes boilerplate law related to standing, without ever explaining how that law applies to him under the circumstances that exist here. As Rider has not made any argument explaining how he has standing to contest the foreclosure in light of the fact that he is not a party to either the Note or the Mortgage, the Court **OVERRULES** this objection.

## B

Rider next argues that even though he is not a party to either the Note or the Mortgage, Wells Fargo should be "estopped" from denying that he has standing to challenge the foreclosure. (*See id.* at Pg. ID 458-60.) Rider insists that he "relied on [Wells Fargo's] failure to contest [his] Bankruptcy" and that Wells Fargo led him to believe that it "accepted [him] as the debtor to the mortgage loan and arrears" when it "accept[ed] $74,972.08 in total from payments made by [Rider] to [the Bankruptcy] Trustee." (*Id.* at Pg. ID 458-59.)

The Court declines to consider this objection because Rider did not raise his estoppel theory in response to Wells Fargo's motion to dismiss, and therefore the Magistrate Judge never had an opportunity to consider it. "The Magistrate Judge Act … does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" absent "compelling reasons." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that party had

9

"waive[d]" claim not presented to Magistrate Judge). *See also Steele v. Jenkins*, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018) (same).

Here, Rider had a full opportunity to raise his estoppel theory before the Magistrate Judge in response to Wells Fargo's motion to dismiss, and he has not offered any "compelling reason" why he failed to do so. The Court will not consider this theory for the first time in an objection to the R&R. Accordingly, the Court considers Rider's estoppel argument waived, and it **OVERRULES** this objection.

## C

Rider next objects to the recommendation that the Court dismiss his wrongful foreclosure claim to the extent that the claim seeks to set aside the Sheriff's Sale. (*See* Rider's Objections. ECF #19 at Pg. ID 460-65.) In support of this objection, Rider incorporated his arguments, described above, that he had standing to challenge the foreclosure and that Wells Fargo should be "estopped" from arguing that he lacked such standing. (*Id.* at Pg. ID 460.) But because, as stated above, Rider has not presented the Court any authority to support his standing argument, and because the Court considers his estoppel argument waived, Rider has not persuaded the Court that he had standing to contest the Sheriff's Sale. Nor has Rider identified any authority to support his contention that even though he was not a party to the Note or the Mortgage, he nevertheless had the right to stop or set aside the Sheriff's Sale. Accordingly, the Court **OVERRULES** this objection.

**D**

Finally, Rider objects to the recommendation that the Court dismiss his fraud claim. (*See id.* at Pg. ID 466-70.) As noted above, in order to state a valid fraud claim in this Circuit, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank*, 547 F.3d at 569-70. Rider has not identified any specific statements that Wells Fargo made to him that were fraudulent, nor who made them, when they were made, or where they were made. Indeed, Rider repeatedly says that Wells Fargo *refused* to speak to him because he was not a party to either the Note or the Mortgage. (*See, e.g.*, Compl. at ¶¶ 10-11, 15, 19, ECF #1-2 at Pg. ID 15-16.) Rider has therefore not pleaded a sufficient claim for fraud.

Rider insists that Wells Fargo is nonetheless liable for fraud because it "received and accepted $74,972.08 from [Rider's bankruptcy] estate, thereby acknowledging [Rider's] interest in the subject property." (Rider's Objections, ECF #19 at Pg. ID 470.) But Rider has failed to sufficiently explain how the acceptance of those funds satisfies any of the elements of his fraud claim or satisfies his duty to plead fraud with particularity. The Court sees no basis on which Rider's argument undermines the Magistrate Judge's conclusion that Rider's failed to state a cognizable fraud claim. Accordingly, this objection is **OVERRULED**.

**IV**

The Court now turns to Wells Fargo's objection. Wells Fargo challenges the Magistrate Judge's recommendation that the Court deny its motion to dismiss with respect to Rider's unjust enrichment claim. (*See* Wells Fargo's Objections, ECF #18.) For the reasons explained below, and in light of the course of action chosen by the Court, the Court deems this objection to be moot.

As the Court explained during the hearing on Wells Fargo's objections, the Court agrees with the Magistrate Judge that Rider's unjust enrichment claim "could have been spelled out more clearly in [Rider's] complaint." (R&R, ECF #17 at Pg. ID 359 n.6.) Indeed, the Court has reviewed the claim and has had trouble discerning the basis of the claim. Moreover, the claim as pleaded differs from the claim as explained by Rider during the hearing on Wells Fargo's objections.

During that hearing, Rider's counsel said that if given the opportunity to amend the unjust enrichment claim, he would be able to add additional allegations to clarify and bolster this claim. The Court accepts the representations of Rider's counsel, and it therefore concludes that it would be inappropriate to dismiss Rider's unjust enrichment claim with prejudice at this juncture. Instead of dismissing Rider's unjust enrichment claim, the Court will provide Rider the opportunity to amend it through the filing of a First Amended Complaint. In such a pleading, Rider

shall assert only a claim for unjust enrichment, and in the context of that claim, he shall plead with specificity, among other things:

- Wells Fargo's participation in his bankruptcy, including but not limited to any facts that could tend to establish Wells Fargo's knowledge of his bankruptcy, when it obtained that knowledge, when it first appeared in the bankruptcy, and what actions it took in the bankruptcy;
- Any facts that could tend to establish what specific payments were made from Rider's bankruptcy estate to Wells Fargo and whether Wells Fargo had knowledge that the payments made on Rider's behalf were from Rider's bankruptcy estate;
- If the claim rests in whole or in part on Rider's contention that the amounts paid to Wells Fargo from his bankruptcy estate exceeded the fair rental/use value of the real property, then he shall make that theory clear and shall plead sufficient facts supporting that theory; and
- Rider shall include allegations addressing how he personally – as opposed to his bankruptcy estate – has standing to seek recovery of funds paid to Wells Fargo by his bankruptcy estate.

Rider shall also plead, with as much specific detail as possible, any other facts that could support and clarify his unjust enrichment claim. The Court will not be

13

inclined to allow Rider to amend his unjust enrichment claim again to add additional facts that he could add in his First Amended Complaint.

Because the Court will allow Rider to amend his unjust enrichment claim, it will **TERMINATE AS MOOT** Wells Fargo's objections to the R&R.

V

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Rider's objections to the R&R (ECF #19) are **OVERRULED**;

- Wells Fargo's objections to the R&R (ECF #18) are **TERMINATED AS MOOT**;

- Wells Fargo's Motion to Dismiss (ECF #6) is **GRANTED** with respect to all of Rider's claims *except* for his unjust enrichment claim, and those claims are **DISMISSED WITH PREJUDICE**; and

- Rider shall file a First Amended Complaint by no later than **October 19, 2018**. Rider may not include any claims other than his unjust enrichment claim in his First Amended Complaint. Wells Fargo shall answer, or otherwise respond, to the First Amended Complaint by no later than **November 9, 2018**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2018, by electronic means and/or ordinary mail.

                                                <u>s/Holly A. Monda</u>
                                                Case Manager
                                                (810) 341-9764